# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

UNITED STATES OF AMERICA and
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY

**Plaintiff**

vs.

STATE OF NEW YORK; KATHLEEN HOCHUL, in her official capacity as Governor of New York; LETITIA JAMES, in her official capacity as New York Attorney General; and AMANDA LEFTON, in her official capacity as Acting Commissioner of the New York Department of Environmental Conservation

**Defendant**

**Case Number**

1:25-cv-03656

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, AMERI-CAN PETROLEUM INSTITUTE, NA-TIONAL MINING ASSOCIATION, and THE BUSINESS COUNCIL OF NEW YORK STATE, INC.

**Plaintiff**

vs.

LETITIA JAMES, in her official capacity as New York Attorney General, and SEAN MAHAR, in his official capacity as Interim Commissioner of the New York Department of Environmental Conservation

**Defendant**

**Case Number**

1:25-cv-01738

IH-32                                                                                                  Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open    (If so, set forth procedural status and summarize any court rulings.)

On March 21, 2025, the Court set a briefing schedule on Defendants' motion to transfer after denying Defendants' request for a pre-motion conference. Defendants filed their motion to transfer on April 11, 2025, and Plaintiffs filed their response in opposition on April 25, 2025. Defendants' reply is due on May 2, 2025. The Court extended Defendants' deadline to answer or otherwise respond to the complaint until 30 days after it rules on the motion to transfer.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Both cases involve federal law challenges to the same New York statute. In particular, Plaintiffs in both cases bring federal preemption claims against New York's Climate Change Superfund Act, based on the Clean Air Act and the structure of the U.S. Constitution, including the federal government's exclusive authority over foreign affairs. Plaintiffs in both cases also argue that the Act violates the Interstate and Foreign Commerce Clauses. New York Attorney General Letitia James and the Commissioner of the New York Department of Environmental Conservation are named as defendants in both cases.

Accordingly, the actions concern the same or substantially similar parties, property, transactions, or events, and there is substantial factual overlap. Moreover, the parties could be subjected to conflicting orders if the cases are not treated as related and the federal law questions about the Act's constitutionality are decided differently. Finally, it would needlessly burden and drain the resources of both the Court and the parties absent a determination of relatedness, because the same issues would have to be briefed before different judges and on different timelines. For all these reasons, the interests of justice and efficiency would be served by deeming these cases related. See Rule 13(a), Rules for the Division of Business Among District Judges, Southern District of New York.

Signature: /s/ Justin D. Heminger            Date: 05/01/2025

Firm: U.S. Department of Justice