

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

DIVISION OF SOCIAL JUSTICE
Environmental Protection Bureau

<u>Via CM/ECF</u>                                                                                   June 3, 2025

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *United States of America v. State of New York,* No. 1:25-cv-03656

Dear Judge Castel:

  Our office represents defendants State of New York, Governor Kathleen Hochul, Attorney General Letitia James, and Commissioner of the New York State Department of Environmental Conservation (DEC) Amanda Lefton[1] (collectively, the State) in this action. Pursuant to Your Honor's Individual Practice Rule 3.A., the State submits this pre-motion letter advising the Court and plaintiffs of its intent to file a motion to transfer venue to the United States District Court for the Northern District of New York and proposing a briefing schedule for that motion. The State also requests an extension of time to answer or otherwise respond to the complaint until 30 days after Your Honor's decision on the motion to transfer and a postponement of the Rule 16 conference, which is currently scheduled for June 23, 2025, ECF 11, until after it answers or otherwise responds. Plaintiffs the United States and EPA (collectively, the United States) have indicated that they will oppose the transfer motion but the parties have agreed to a briefing schedule on the motion. The United States opposes the extension of time that the State requests on the answer.

  In this action, the United States challenges the constitutionality of New York's Climate Change Superfund Act (the Act), as amended. Pursuant to 28 U.S.C. § 1404(a), the State seeks to transfer venue to the United States District Court for the Northern District of New York, where a related and earlier-filed action challenging the constitutionality of that law, *West Virginia v. James*, No. 1:25-cv-00168-BKS-DJS (*West Virginia*), is pending. The State has also moved to transfer another related case, *Chamber of Commerce of the U.S.A. v. James*, No. 1:25-cv-

---

[1] Amanda Lefton was Acting Commissioner when this action was filed but was confirmed as Commissioner by the New York Senate on May 28.

28 LIBERTY STREET, NEW YORK, NY 10005 ● PHONE (212) 416-8446 ● FAX (212) 416-6007 ● WWW.AG.NY.GOV
Writer's Direct Phone: (212) 416-6091 ● E-mail Address: Laura.Mirman-Heslin@ag.ny.gov

01738-MKV, S.D.N.Y (*Chamber*), from this district to the Northern District. *Chamber* ECF 33-35, 42.

## I.     Background

The Act finds that New York needs to make "huge investments in new or upgraded infrastructure" to adapt to irreversible climate change impacts, 2024 N.Y. Sess. Laws ch. 679 § 2(1), and establishes a "climate change adaptation cost recovery program" to help offset a portion of the costs that New York has and will continue to incur, N.Y. Envtl. Conserv. Law § 76-0103. To fund that program, fossil fuel companies that meet statutory thresholds will be required to collectively pay a total assessed cost of $75 billion into a climate adaptation fund. *Id.* §§ 76-0101(6), 76-0103(3)(b).

In this case, which was filed on May 1, the United States claims that the Act is preempted by the Clean Air Act and the foreign affairs doctrine, and violates constitutional limits on extraterritorial legislation as well as the dormant Interstate Commerce Clause and Foreign Commerce Clause. ECF 1 ¶¶ 48-113. As relief, the United States seeks a declaration that the Act is unconstitutional and unenforceable and a permanent injunction prohibiting the State from implementing or enforcing the Act. *Id.* at 29.

In *West Virginia*, which was filed in the Northern District on February 6, over 20 states, along with Alpha Metallurgical Resources, Inc., and several oil, gas and coal associations raise several of the same constitutional claims. As set forth in the amended complaint, the plaintiffs claim that the Act is preempted by the Constitution and the Clean Air Act and violates the dormant Commerce Clause and the Due Process, Excessive Fines, and Takings Clauses. *West Virginia* ECF 125 ¶¶ 116-240. Plaintiffs in that case also seek virtually the same relief, *see id.* at 77, as the United States seeks here.

In *Chamber*, which was filed in this district on February 28, the Chamber of Commerce of the United States of America, American Petroleum Institute, National Mining Association, and the Business Council of New York State, Inc. also challenge the constitutionality of the Act. All the claims in *Chamber* are also raised in *West Virginia*, *see Chamber* ECF 1 ¶¶ 97-224, and plaintiffs in *Chamber* seek the same relief sought in *West Virginia* and here. The United States filed a Statement of Relatedness identifying its case as related to *Chamber*. ECF 3.

## II.     28 U.S.C. § 1404(a) Analysis Favors Transfer

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." That provision is designed to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."

*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted).

Courts in the Second Circuit apply a two-part test to § 1404(a) motions. First, a court must determine if the action "might have been brought" in the proposed transferee district. *Smart Skins LLC v. Microsoft Corp.*, No. 14 CIV. 10149 CM, 2015 WL 1499843, *4 (S.D.N.Y. Mar. 27, 2015). "An action could have been brought in any forum where the defendant would have been amenable to personal jurisdiction at the time the action was commenced, and where venue is proper." *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21 CIV. 10529 (AT), 2023 WL 35028, *2 (S.D.N.Y. Jan. 4, 2023) (citations omitted). This statutory prerequisite is met here, as venue is proper in the Northern District of New York and the State is subject to jurisdiction there.

Second, courts assess whether convenience of the parties and witnesses and the interests of justice favor transfer. *Id.* Where there is a related case in another district, transfer is strongly favored so that "duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968). Indeed, courts in this circuit have "consistently recognize[d] that the existence of a related action in the transferee district is a *strong factor* to be weighed with regard to judicial economy" and have even acknowledged that "[t]he single most significant circumstance favoring transfer . . . is the existence of the related action in the transferee district." *Zainfeld v. Vivid Seats, LLC*, No. 24 CIV. 1520 (DEH), 2024 WL 2274920, at *3 (S.D.N.Y. May 20, 2024) (emphasis added and citations omitted).

In determining if a case is related to another case, "a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions, or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Rule 13(a)(1), Rules for the Division of Business Among District Judges, S.D.N.Y.

This action is related to *West Virginia* for the same reasons that the United States has asserted that the action is related to *Chamber*. "[B]oth cases involve federal law challenges to the same New York statute," and "bring federal preemption claims" that are "based on the Clean Air Act and the structure of the U.S. Constitution." *See* ECF 3 at 2. As a result, if this action is heard separately from *West Virginia*, "the parties could be subjected to conflicting orders," and the separate proceedings "would needlessly burden and drain the resources of both the Court and the parties" because "the same issues would have to be briefed before different judges." *See id*. Thus, this case should be transferred to the Northern District because it is related to *West Virginia*, which was the first-filed of the three related actions.

This case should also be transferred to the Northern District based on the convenience of the parties and witnesses and the location of the locus of operative

facts. Defendant DEC Commissioner Lefton is located in the Northern District, and the other defendants in this action also maintain executive offices in Albany. *See e.g. Matthews v. Cuomo*, No. 16 CIV. 4210, 2017 WL 2266979, at *3 (S.D.N.Y. May 1, 2017) (transferring venue to the Northern District where a number of the defendants, including the governor, have offices). The Northern District is also where the research, data review, and analysis necessary to implement the Act will be conducted by DEC's central office staff in Albany.

### III. Briefing Schedule and Request for Extension and Postponement

The parties propose the following briefing schedule on the transfer motion:

- State's motion due June 13, 2025;
- United States' opposition due July 15, 2025; and
- State's reply due July 28, 2025.

The State notes that it would prefer a more expedited briefing schedule but has agreed to a more extended schedule at the request of the United States.

The State also seeks an extension of time to answer or otherwise respond to the complaint and a postponement of the Rule 16 conference currently scheduled for June 23, 2025, so that the parties can wait to proceed with this litigation until after the Court has determined whether it should be transferred to the Northern District. The State's deadline to answer or otherwise respond is June 9, 2025, and the State requests an extension of that deadline to 30 days after the Court rules on the State's motion to transfer venue. The United States opposes that extension and has stated that it would not oppose a reasonable extension of time but has not proposed another deadline. The State also requests a postponement of the Rule 16 conference until after the State answers or otherwise responds. This is the State's first request for an extension and postponement.

For these reasons, the State respectfully requests that Your Honor issue a scheduling order establishing a briefing schedule on the State's motion for transfer of venue, grant an extension of time to answer or otherwise respond pending resolution of the motion, and postpone the Rule 16 conference.

Respectfully,

By: */s/ Laura Mirman-Heslin*
Laura Mirman-Heslin
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005
Telephone: (212) 416-6091
E-mail: Laura.Mirman-Heslin@ag.ny.gov