

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environment and Natural Resources Division*
*P.O. Box 7611*
*Washington, DC  20044*

*Telephone (202) 514-4760*
*Email: Riley.Walters@usdoj.gov*

VIA CM/ECF                                                            June 6, 2025

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:   *United States, et al. v. State of New York, et al.,* No. 1:25-cv-03656

Dear Judge Castel:

Pursuant to Your Honor's Individual Practice Rule 3.A.iii, Plaintiffs the United States and the U.S. Environmental Protection Agency (collectively, the "United States") file this response to Defendants' June 3, 2025 Pre-Motion Letter, ECF No. 25.  The United States will oppose the motion to transfer for the reasons summarized below but does not object to the proposed briefing schedule for the motion.  The United States also opposes Defendants' request for an extension of their deadline to respond to the complaint until 30 days after a ruling on transfer.  The United States informed Defendants that it intends to move for summary judgment and that it will consent to a shorter extension of time that aligns with a summary judgment briefing schedule agreed upon by the parties and approved by the Court.   In light of Defendants' upcoming response deadline, the United States consents to a 14-day extension of time, to June 23, 2025, for Defendants to answer or otherwise respond to the complaint.  Finally, the United States opposes Defendants' request to postpone the Initial Pre-Trial Conference currently scheduled for 10:30 AM on June 23, 2025.  Although the Court appears to prefer holding initial conferences after an answer is on file, *see* Individual Practice Rule 1.C.vii, the United States respectfully submits that the June 23 conference will facilitate setting a summary judgment briefing schedule.

The United States seeks prompt resolution of the merits because this case implicates the constitutional and statutory authority of the federal government, including the federal government's exclusive role in foreign affairs, as well as our national and economic security. Accordingly, the United States opposes putting the litigation on ice simply because Defendants intend to file a motion to transfer.

## I.  Background

This suit challenges New York's Climate Change Superfund Act, which imposes retroactive strict liability and extraordinary monetary penalties on businesses that extracted and refined fossil fuels worldwide over nearly three decades.  By purporting to regulate the effect of greenhouse gas emissions on climate change, the Act necessarily reaches far beyond New York's borders, regulating national—and international—emissions.  In its complaint, the United States asserts preemption claims under the Clean Air Act and Foreign Affairs Doctrine, as well as claims that the Superfund Act transgresses the Federal Constitution's limits on extraterritorial legislation and violates the Interstate and Foreign Commerce Clauses.  The complaint names the State of New York as a defendant, as well as certain government officials acting in their official capacities.

Because the purely legal issues in this case are controlled by Second Circuit and Supreme Court precedent, the United States intends to move for summary judgment and will confer with Defendants on the motion and a briefing schedule.  The United States seeks prompt resolution of the merits, as New York's Superfund Act is a transparent attempt to interfere with federal prerogatives, including the federal government's exclusive authority over foreign affairs.

## II.     The Defendants Cannot Meet Their Burden Under 28 U.S.C. § 1404(a) for Transfer.

Defendants cannot meet their burden of establishing "that transfer is appropriate by clear and convincing evidence."  *Savarese v. City of New York*, 2019 WL 2482387, at *3 (S.D.N.Y. June 13, 2019); *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) ("the party requesting transfer carries the burden of making out a strong case . . . [for] district courts [to] . . . exercise discretion to grant a transfer motion" (cleaned up)).  The United States, as plaintiff, on the other hand, is presumptively entitled to choose its forum, and the Court should afford great deference to that choice.  *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 698 (S.D.N.Y. 2009) ("[A] plaintiff's choice of forum is presumptively entitled to substantial deference" and "should only be disturbed if the factors favoring the alternative forum are compelling[.]").

Courts consider many factors to determine whether transfer is warranted, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."  *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021).  Courts may also consider (8) "the comparative familiarity of each district with the governing law" and (9) "judicial economy and the interests of justice."  *Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013).

None of these factors favors transfer.  Defendants cite only four in support of their position: the convenience of witnesses, the convenience of parties, the locus of operative facts, and judicial economy and the interests of justice.  The convenience of witnesses, however, is irrelevant because this case presents purely legal questions that can and should be resolved at

summary judgment.  Indeed, Defendants do not contend that the underlying facts are or will be in dispute.

As for the convenience of the parties, Defendants' counsel of record is based in this district.  *See* ECF No. 24 (Notice of Appearance).  What is more, Defendant James maintains a principal office here, accepts service here, and has admitted that the Southern District is a proper venue for cases involving the Attorney General.  *See, e.g.*, Pl.'s Mem. in Opp'n to Defs.' Mot. to Transfer, *New York v. Amazon.com Inc.*, No. 21-cv-01417 (JSR), 2021 WL 12185065 (S.D.N.Y. Mar. 10, 2021) (stating that "[t]he Southern District is the Attorney General's 'home forum'").  Although Defendants rely on Defendant Lefton's presence in the Northern District, her office, which is in Albany, is about the same distance from Manhattan as it is from Syracuse, which is where the District Judge hearing the *West Virginia* matter sits (the same is true for Defendant Hochul).  And in any event, the New York Attorney General's office will be litigating this challenge; neither the Commissioner nor the Governor will need to appear in court.

Turning to the locus of operative facts, the Superfund Act purports to govern *worldwide* fossil fuel extraction, so it is hard to see how the Northern District of New York could be the locus of operative facts—as opposed to the Southern District of New York, or the Eastern District of Texas, or Saudi Arabia.  And the fact that relevant research and analysis will be performed in Albany has no bearing on the purely legal question in this case: whether the Superfund Act violates federal law.

Finally, judicial economy and the interests of justice do not favor transfer.  At bottom, Defendants' main argument for transfer is that the *West Virginia* lawsuit in the Northern District was filed first.  But the first-filed rule is entitled to less weight if the first case has made little progress.  *AIDS Service Center of Lower Manhattan, Inc. v. PharmBlue LLC*, 2014 WL 3778200, at *4 (S.D.N.Y., July 30, 2014); *AIG Financial Products Corp. v. Public Utility Dist. No. 1*, 675 F. Supp. 2d 354, 372–73 (S.D.N.Y. 2009).  And there has been very little progress in the *West Virginia* action—the defendants filed their answer to the amended complaint on May 19, 2025, and the Initial Rule 16 Conference will not occur until July 1, 2025.  *See West Virginia v. James*, No. 1:25-cv-00168, ECF Nos. 157, 164 (N.D.N.Y.).  Moreover, even if the suits were duplicative (they are not), the first-filed rule is just a presumption—it "need not be applied where there is a showing of balance of convenience or special circumstances giving priority to the second case," which are "essentially the same" as the factors for "deciding a motion to transfer." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007) (cleaned up).  Those factors weigh against transfer here.  And in all events, depriving the United States of its chosen forum is not in the interests of justice.  *Garnish & Gather, LLC v. Target Corp.*, 2019 WL 6729152, at *1 (S.D.N.Y. Dec. 11, 2019) ("A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in favor of the defendant.").[1]

---

[1] Defendants support their transfer argument by citing the United States' prior statement that its action is related to another case pending in the Southern District of New York.  But the legal standard for transferring venue—and thereby overriding the plaintiff's choice of forum—is different than the local standard for determining relatedness between two cases filed in the same forum.

**III.    The United States Opposes New York's Proposed Extension of Time to Respond to the Complaint.**

The United States also opposes Defendants' proposed extension of their answer deadline to 30 days after a ruling on the transfer motion.  The United States intends to move for summary judgment on all counts because this case presents purely legal issues controlled by binding precedent.  *See, e.g.*, *City of New York v. Chevron Corp.*, 993 F.3d 81, 85 (2d Cir. 2021) (holding that federal law preempts New York law imposing liability for out-of-state emissions).  The United States informed Defendants that it intends to move for summary judgment and indicated that it would consent to extending their response deadline to a date that aligns with a negotiated summary judgment briefing schedule.

Given that Defendants' response to the complaint is due on June 9, 2025, the United States consents to a 14-day extension of time, to June 23, 2025, to provide additional time for the parties to confer on a summary judgment briefing schedule.

**IV.    The United States Opposes Postponing the Initial Pre-Trial Conference.**

Finally, the United States opposes postponing the Initial Pre-Trial Conference currently scheduled for June 23, 2025, as the conference may facilitate the resolution of any disagreements on a summary judgment briefing schedule.

Respectfully submitted,

/s/ *Riley W. Walters*
Riley W. Walters
Counsel to the Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-4760
riley.walters@usdoj.gov