**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, |
| *Plaintiffs*, |
| v. |
| STATE OF NEW YORK, KATHLEEN HOCHUL, in her official capacity as Governor of New York, LETITIA JAMES, in her official capacity as New York Attorney General, and AMANDA LEFTON, in her official capacity as Commissioner of the New York Department of Environmental Conservation, |
| *Defendants.* |

No. 1:25-cv-03656-PKC

**ANSWER**

Defendants State of New York, Kathleen Hochul, in her official capacity as Governor of New York, Letitia James, in her official capacity as New York Attorney General, and Amanda Lefton, in her official capacity as Commissioner of the New York State Department of Environmental Conservation by and through their attorney, the Office of the New York State Attorney General, for their answer to the Complaint, filed May 1, 2025, allege and state as follows:

1.     As to the allegations in Paragraph 1, admit that President Trump issued an executive order on April 8, 2025, respectfully refer the Court to the cited executive order as the best evidence and most complete statement of its contents, and deny the remainder of the allegations.

2.     As to the allegations in Paragraph 2, admit that President Trump issued an executive order on January 20, 2025, respectfully refer the Court to the

1

cited executive order as the best evidence and most complete statement of its contents, and deny that the executive order (Executive Order 14156) is valid or lawful.

3.      Deny the allegations in Paragraph 3.

4.      As to the allegations in Paragraph 4, admit that New York enacted the Climate Change Superfund Act (the "Act") in December 2024, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the remainder of the allegations.

5.      Deny the allegations in Paragraph 5 and respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect.

6.      As to the allegations in Paragraph 6, deny that the Act "attempts to usurp the power of the federal government by regulating national and global emissions of greenhouse gases." The remainder of the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7.      As to the allegations in Paragraph 7, deny that the Act "is a brazen attempt to grab power from the federal government and force citizens of other States and nations to foot the bill for its infrastructure wish list." The remainder of the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

8.     Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, respectfully refer the Court to the cited statutory provisions as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

9.     Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, respectfully refer the Court to the cited statutory provisions as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

10.     Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the allegation that the United States generated over $13.8 billion in revenue from fossil fuel leasing on federal lands in 2024. Deny that the United States' costs for purchasing fossil fuels will increase due to the Act. Deny that the Act creates "extraterritorial and excessive burdens." Deny that the Act "will raise energy costs for consumers nationwide and disrupt the uniform regulation of fossil fuel production." Deny that "nationwide economic and constitutional injuries are caused by" the Act.

11.    Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, admit that Defendants reside in or conduct a substantial portion of their official business in the State of New York.

12.    Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, deny that a substantial part of the acts giving rise to this suit occurred within the Southern District of New York and deny that venue is proper in the Southern District of New York.

## PARTIES

13.    Admit the allegations in Paragraph 13.

14.    As to the allegations in Paragraph 14, admit that the U.S. Environmental Protection Agency is a federal executive agency with responsibility for administering the Clean Air Act but clarify that in certain instances the Environmental Protection Agency has delegated its authority to administer the Clean Air Act to the states, and deny knowledge or information sufficient to form a belief as to the remaining allegations.

15.    Admit the allegations in Paragraph 15.

16.    Admit the allegations in Paragraph 16.

17.    Admit the allegations in Paragraph 17.

18.    As to the allegations set forth in Paragraph 18, affirmatively aver that on May 28, 2025, Amanda Lefton was confirmed by the New York State Senate to serve as the Commissioner of the New York State Department of Environmental Conservation and admit the remainder of the allegations.

## ALLEGATIONS AND APPLICABLE LAW

19.    The allegations in Paragraph 19 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Furthermore, deny that the Act "seeks to impose retroactive fines or penalties."

20.    The allegations in Paragraph 20 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

21.    The allegations in Paragraph 21 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

22.    Deny the allegations set forth in Paragraph 22.

23.    The allegations in Paragraph 23 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

24.    The allegations in Paragraph 24 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the

allegations to the extent they are incomplete or inconsistent therewith. Furthermore, deny that the cost recovery demand is "effectively a retroactive penalty or fine."

25.    The allegations in Paragraph 25 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

26.    The allegations in Paragraph 26 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

27.    The allegations in Paragraph 27 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

28.    The allegations in Paragraph 28 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.    Deny the allegations set forth in Paragraph 32.

33.    The allegations in Paragraph 33 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

34.    The allegations in Paragraph 34 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

35.    As to the allegations in Paragraph 35, respectfully refer the Court to the Clean Air Act and the cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

36.    As to the allegations in Paragraph 36, respectfully refer the Court to the Clean Air Act and the cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

37.     As to the allegations in Paragraph 37, respectfully refer the Court to the Clean Air Act and the cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

38.     As to the allegations in Paragraph 38, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

39.     As to the allegations in the first sentence of Paragraph 39, respectfully refer the Court to the United States Constitution and the cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

40.     As to the allegations in Paragraph 40, admit that Congress enacted the Global Climate Protection Act in 1987, respectfully refer the Court to the Global Climate Protection Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

41.     As to the allegations in Paragraph 41, admit that President George H.W. Bush signed the United Nations Framework Convention on Climate Change ("Framework Convention") in 1992, and the Senate unanimously approved it on

May 9, 1992, respectfully refer the Court to the Framework Convention as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

42.    As to the allegations in Paragraph 42, respectfully refer the Court to the Framework Convention as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

43.    As to the allegations in Paragraph 43, respectfully refer the Court to the Framework Convention as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44. Admit that the United States is a party to the Kigali Amendment to the Montreal Protocol and the Senate ratified it in 2022. As to the remaining allegations, respectfully refer the Court to the Kigali Amendment, the American Innovation and Manufacturing Act, and the Clean Air Act as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

45.    As to the allegations set forth in Paragraph 45, admit that the United States is not a party to the Kyoto Protocol of 1997, the United States signed the Kyoto Protocol, and the Kyoto Protocol was not submitted to the Senate for

ratification. Respectfully refer the Court to the cited Senate resolution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

46.     As to the allegations in Paragraph 46, admit the United States is not a party to the Paris Agreement, President Obama signed the Paris Agreement in 2016, President Obama did not submit the Paris Agreement to the Senate for ratification, the United States deposited a notification of withdrawal from the Paris Agreement in 2019, President Biden rejoined the Paris Agreement in 2021, and President Trump withdrew from the Paris Agreement in 2025. Respectfully refer the Court to the Paris Agreement and the cited executive orders as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Furthermore, deny Plaintiffs' allegation that the Paris Agreement is an "expensive and destructive protocol."

47.     As to the allegations set forth in Paragraph 47, respectfully refer the Court to the International Emergency Economic Powers Act of 1977 and the cited executive order as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

## CLAIMS FOR RELIEF

## COUNT I

48.     Defendants repeat and reallege each and every response made to paragraphs 1 through 47 with the same force and effect as if set forth in this paragraph.

49.     As to the allegations set forth in Paragraph 49, respectfully refer the Court to the Supremacy Clause of the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

50.     As to the allegations set forth in Paragraph 50, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

51.     Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

52.     As to the allegations set forth in Paragraph 52, respectfully refer the Court to the Clean Air Act and cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

53.     As to the allegations set forth in Paragraph 53, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of

their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

54.     Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

55.     Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56.     As to the allegations set forth in Paragraph 56, respectfully refer the Court to the Clean Air Act and cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

57.     Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58.     Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59.     Deny the allegations in Paragraph 59.

60.     Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

61.     Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

62.     Defendants repeat and reallege each and every response made to paragraphs 1 through 61 with the same force and effect as if set forth in this paragraph.

63.     Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

64.     Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

65.     As to the allegations set forth in the first sentence of Paragraph 65, respectfully refer the Court to the Due Process Clause of the Fourteenth Amendment as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. The second sentence of Paragraph 65 states a legal conclusion to which no response is required.

66.     The first sentence of Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. As to the allegations set forth in the remaining sentences of Paragraph 66, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

67.     As to the allegations set forth in Paragraph 67, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of

their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

68.     As to the allegations set forth in Paragraph 68, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

69.     As to the allegations set forth in Paragraph 69, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

70.     Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

71.     Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

72.     Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

73.     Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74.     Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75.     Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III

76.    Defendants repeat and reallege each and every response made to paragraphs 1 through 75 with the same force and effect as if set forth in this paragraph.

77.    As to the allegations set forth in Paragraph 77, respectfully refer the Court to the Commerce Clause of the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

78.    As to the allegations set forth in Paragraph 78, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

79.    Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

80.    Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81.    Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

82.    Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

83.    The first sentence of Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, the allegations are

denied. As to the allegations set forth in the second sentence of Paragraph 83, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

84.    The allegations in the first sentence of Paragraph 84 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Deny the allegations in the second sentence of Paragraph 84.

85.    Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

86.    Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

87.    Deny the allegations in Paragraph 87.

88.    Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

### COUNT IV

89.    Defendants repeat and reallege each and every response made to paragraphs 1 through 88 with the same force and effect as if set forth in this paragraph.

90.    As to the allegations set forth in Paragraph 90, respectfully refer the Court to the United States Constitution as the best evidence and most complete

statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

91.     As to the allegations set forth in Paragraph 91, respectfully refer the Court to the Foreign Commerce Clause of the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

92.     As to the allegations set forth in Paragraph 92, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of their contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

93.     Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

94.     Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Paragraph 94 also contains Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

95.     Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

96.     Paragraph 96 states a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

17

## COUNT V

97.    Defendants repeat and reallege each and every response made to paragraphs 1 through 96 with the same force and effect as if set forth in this paragraph.

98.    As to the allegations set forth in Paragraph 98, respectfully refer the Court to the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

99.    As to the allegations set forth in Paragraph 99, respectfully refer the Court to the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

100.    As to the allegations set forth in Paragraph 100, respectfully refer the Court to the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

101.    As to the allegations set forth in Paragraph 101, respectfully refer the Court to the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

102.    As to the allegations set forth in Paragraph 102, respectfully refer the Court to the United States Constitution as the best evidence and most complete

statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

103.    As to the allegations set forth in Paragraph 103, respectfully refer the Court to the United States Constitution as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

104.    As to the allegations set forth in Paragraph 104, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

105.    As to the allegations set forth in Paragraph 105, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

106.    Paragraph 106 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

107.    As to the allegations set forth in Paragraph 107, respectfully refer the Court to the Framework Convention as the best evidence and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

108.    The allegations in Paragraph 108 contain Plaintiffs' characterizations of the Act. Defendants respectfully refer the Court to the Act as the best evidence

and most complete statement of its contents, meaning, and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

109.    Deny the allegations in Paragraph 109.

110.    Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

111.    Paragraph 111 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

112.    Paragraph 112 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

113.    Paragraph 113 states a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

## PRAYER FOR RELIEF

114.    The remaining paragraphs of the Complaint consist of requests for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested in the Complaint, or to any relief whatsoever.

## DEFENDANTS' DEFENSES

Without limiting or waiving any other defenses available to them, Defendants hereby assert the following defenses to the Complaint:

## FIRST DEFENSE

One or more of Plaintiffs' claims are unripe for judicial review.

## SECOND DEFENSE

One or more Plaintiffs lack standing to bring this action.

## THIRD DEFENSE

One or more of Plaintiffs' claims fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

One or more of Plaintiffs' claims are barred by the Court's lack of subject matter jurisdiction.

## FIFTH DEFENSE

The allegations in Plaintiffs' Complaint are unreviewable for lack of final agency action.

## SIXTH DEFENSE

The Act is not preempted by federal law.

## SEVENTH DEFENSE

The Act is not preempted by the United States Constitution.

## EIGHTH DEFENSE

The Act does not violate the United States Constitution.

## NINTH DEFENSE

There is neither factual nor legal support for injunctive or equitable relief.

## TENTH DEFENSE

The Court lacks authority to issue some or all of the relief sought against Defendants.

**ELEVENTH DEFENSE**

One or more of Plaintiffs' claims and requests for relief are barred by the comity doctrine.

**TWELFTH DEFENSE**

Defendants reserve the right to amend their answer, pursuant to Fed. R. Civ. P. 15, and to raise additional defenses.

**WHEREFORE**, Defendants respectfully request judgment against Plaintiffs as follows:

    a.  Dismissing and denying the claims in the Complaint against Defendants in their entirety;

    b.  and for such other and further relief as this Court deems appropriate.

Dated:    New York, New York
            June 20, 2025

                Respectfully submitted,

                LETITIA JAMES
                Attorney General of the State of New York
                *Attorney for Defendants*

                By: */s/ Laura Mirman-Heslin*
                Laura Mirman-Heslin
                Assistant Attorney General
                Office of the New York State Attorney General
                Environmental Protection Bureau
                28 Liberty Street
                New York, NY 10005
                (212) 416-6091
                Laura.Mirman-Heslin@ag.ny.gov

Ayah F. Badran
Assistant Attorney General
Office of the New York State Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2394
Ayah.Badran@ag.ny.gov