

U.S. Department of Justice

Environment and Natural Resources Division

---

**Environment and Natural Resources Division**
P.O. Box 7611
Washington, DC  20044

*Telephone (202) 514-4760*
*Email: Riley.Walters@usdoj.gov*

<u>VIA CM/ECF</u>                                                                                July 10, 2025

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *United States, et al. v. State of New York, et al.,* No. 1:25-cv-03656 (PKC)

Dear Judge Castel:

      The United States respectfully submits this response to the Court's July 2, 2025 Order directing it to identify the undisputed material facts necessary to prevail on its proposed motion for summary judgment, and to answer whether this case is triable to a jury.  Dkt. No. 34 (July 2, 2025).  There is currently no conference scheduled before the Court.

      At the outset, the United States respectfully notes that it can prevail on each of its claims, without developing facts through discovery, based solely on the text of the challenged statute and binding precedent.  *See* Pre-Motion Letter, Dkt. No. 33 at 1–3.  Indeed, in the United States' related suit challenging a similar Vermont statute, the State of Vermont recently agreed to proceed with pre-discovery summary judgment briefing, underscoring that discovery is not needed to resolve this dispute.  *See United States et al. v. State of Vermont et al.*, No. 2:25-cv-00463 (D. Vt.), Dkt. No. 22 (stipulated motion for briefing schedule); *Vermont*, Dkt. No. 23 (granting motion to set briefing schedule).

      At the very least, the United States' claims on federal statutory and constitutional preemption (Counts I and V) irrefutably present pure questions of law that do not require any factual development for either side to prevail.  *See, e.g., Arizona v. United States*, 567 U.S. 387 (2012) (preemption questions decided on appeal without discovery).  So, at a minimum, the Court should permit the United States to move for partial summary judgment on Counts I and V, which if granted would afford the United States complete relief.  For its claims related to unconstitutional extraterritorial regulation and the Commerce Clause (Counts II-IV), the United States will establish a few judicially noticeable and undisputed material facts, which are outlined below.

      Finally, if this case were to proceed to trial, it would be triable to the Court rather than to a jury.

**Question One: "What are the material facts that plaintiff contends are not in dispute that are necessary for plaintiff to establish in order for it to prevail?"**

As noted, this suit raises federal preemption and constitutional claims against New York's Climate Change Superfund Act, S.2129-B, Chapter 679, Laws of 2024 as amended by S.824, Chapter 100, Laws of 2025 (the "Superfund Act"), N.Y. Envtl. Conserv. Law §§ 76-0101 to 76-0105 (McKinney's 2025). The Superfund Act imposes strict liability on certain energy companies for alleged damages caused by "emissions attributable to all fossil fuel extraction and refining *worldwide* by" those companies over nearly three decades. N.Y. Envtl. Conserv. Law §§ 76-0101(8)–(9) (emphasis added), 76-0103(3)(a). The Act expressly states that its scope "is not limited to such emissions within the state." *Id.* § 76-0101(8). By its terms, then, the Act seeks to "impose strict liability" on global energy producers under *state* law "for the damages caused by fossil fuel emissions no matter where in the world those emissions were released." *City of New York v. Chevron Corp.*, 993 F.3d 81, 93 (2d Cir. 2021). Under binding precedent, nothing more is needed for the United States to prevail on Counts I (Clean Air Act Preemption) and V (Foreign Affairs Preemption). *See id.* at 85, 100, 103 (resolving same preemption questions on a motion to dismiss); *see also Arizona*, 567 U.S. 387.

Nor are additional facts needed for the United States to prevail on its extraterritoriality and Commerce Clause claims (Counts II-IV). The statutory text recited above makes clear that New York is "project[ing] its legislation into other States, and *directly regulat[ing]* commerce therein," *Am. Booksellers Found. v. Dean*, 342 F.3d 96, 104 (2d Cir. 2003) (cleaned up); *see also Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 376 n.1 (2023). Moreover, the face of the Act makes plain that New York will use the proceeds it extracts from out-of-state commerce exclusively to support in-state infrastructure projects. N.Y. Envtl. Conserv. Law § 76-0103(2)(a); *Pork Producers*, 598 U.S. at 369 (explaining that the Commerce Clause prohibits states from "build[ing] up domestic commerce through burdens upon the industry and business of other States" (cleaned up)).

For all these reasons, no factual development is needed for the Court to grant the United States relief by declaring the Superfund Act unconstitutional and unenforceable and by permanently enjoining Defendants from taking actions to implement or enforce it. Dkt. No. 1 at 29. Still, the United States intends to file a statement of undisputed (and judicially noticeable) material facts, primarily to sharpen its arguments on Counts II-IV. To that end, the United States addresses each claim below.

### A. The Clean Air Act preempts the Superfund Act (Count I).

Whether the Clean Air Act preempts the Superfund Act is a pure question of law resolved by statutory interpretation and application of binding precedent. *See supra*. Accordingly, there are no facts that the United States must establish to prevail at summary judgment.

### B. The Foreign Affairs Doctrine preempts the Superfund Act (Count V).

Whether the Foreign Affairs Doctrine preempts the Superfund Act is also a pure question of law. *See supra*. Still, the United States intends to include judicially noticeable information in its statement of undisputed material facts to facilitate the resolution of this claim.[1]

For example, in 1987, Congress enacted the Global Climate Protection Act, Pub. L. No. 100-204, Title XI, §§ 1101–1106, 101 Stat. 1331, 1407–09 (1987), reprinted as note to 15 U.S.C. § 2901. The Global Climate Protection Act provides that the United States should "work toward multilateral agreements" on the issue of greenhouse gas emissions, with a "coordinated national policy on global climate change." *Id.* § 1103(a)(4), (b); 101 Stat. at 1407–09. The United States is also a party to the United Nations Framework Convention on Climate Change of 1992, which creates a framework for international cooperation and contemplates parties negotiating protocols and other agreements to address greenhouse gas emissions. *See* 1771 U.N.T.S. 107; Annex I https://tinyurl.com/7jbu4anr. By contrast, the United States is *not* a party to the Kyoto Protocol of 1997, *see* Framework Convention, Kyoto Protocol (Dec. 10, 1997), 37 I.L.M. 22 (1998), which sets binding greenhouse gas emission reduction targets for certain Framework Convention parties. And earlier this year, President Trump directed the U.S. Ambassador to the United Nations to submit notification of the United States' withdrawal from the Paris Agreement. *See Putting America First in International Environmental Agreements*, Executive Order 14162, § 3(a), 90 Fed. Reg. 8,455 (Jan. 20, 2025). None of these facts is subject to reasonable dispute.

### C. The Superfund Act exceeds constitutional limits on extraterritorial regulation (Count II) and violates the Commerce Clause (Counts III and IV).

The United States intends to include judicially noticeable information related to fossil fuel production within New York in its statement of undisputed material facts. For example:

- New York "produces a small amount of" fossil fuels. U.S. Energy Info. Admin., New York, State Profile and Energy Estimates, https://perma.cc/C3YP-BTTY (last updated Jan. 16, 2025) ("New York Profile").[2]

- From 2000 to June 2024, New York had zero operating crude oil refineries. U.S. Energy Info. Admin., New York Number of Operable Refineries as of January 1, 1982-2025, https://perma.cc/94QS-T453 (last updated June 20, 2025).

- Since 2006, natural gas production in New York "has declined almost every year." New York Profile, *supra*. "In 2023, New York produced 8.2 billion cubic feet of natural gas, the lowest output since 1975." *Id.*

---

[1] The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[2] The Court may take judicial notice of information, such as statistics, published on a government website. *See Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 262 (S.D.N.Y. 2019).

- New York's "last coal-fired power plant closed in 2020," and in 2023, "New York was one of nine states that did not have any utility-scale coal-fired electricity generation." *Id.*

- Fossil fuel production in New York is less than production in other states by orders of magnitude. *Compare* U.S. Energy Info. Admin., State Energy Production Estimates 1960 Through 2022 at 80, https://tinyurl.com/3hcurrev (2023), *with, e.g.*, *id.* at 52 (Louisiana), 92 (Pennsylvania), 102 (Texas), 112 (West Virginia).[3] For example, in 2012, New York produced no coal, 26 billion cubic feet of natural gas, and 362,000 barrels of crude oil. *Id.* at 80. By contrast, in the same year, Pennsylvania produced 55 million short tons of coal, 2 trillion cubic feet of natural gas, and 4 million barrels of crude oil. *Id.* at 92.

These judicially noticeable facts—while not necessary for the United States to prevail because the Superfund Act expressly regulates out-of-state and global greenhouse gas emissions, *see* N.Y. Envtl. Conserv. Law § 76-0101(8)—underscore the Act's primarily extraterritorial reach and discrimination against out-of-state commerce. *See* Pre-Motion Letter, Dkt. No. 33 at 2–3.

\*   \*   \*

Accordingly, the United States respectfully submits that the Court can and should resolve this litigation without discovery.[4] If the Court determines that discovery is needed to resolve Counts II-IV, however, the United States respectfully requests that it be permitted to move for partial summary judgment on Counts I and V, as the resolution of those purely legal questions is sufficient to afford the United States complete relief.

**Question Two: "Is this an action in which the parties may [have] properly demanded a jury, or is this an action triable to the Court?"**

If this case were to proceed to trial, it would be triable to the Court, as the United States seeks only equitable relief. *See SEC v. Jarkesy*, 603 U.S. 109, 122 (2024); *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) ("If the only relief sought is equitable . . . neither the party seeking that relief nor the party opposing it is entitled to a jury trial."); *Chevron Corp. v. Donziger*, No. 11-cv-0691, 2013 WL 5526287, at \*2 (S.D.N.Y. Oct. 7, 2013).

\*   \*   \*

The United States respectfully requests that the Court permit it to file its motion for summary judgment under the schedule proposed in its pre-motion letter. *See* Pre-Motion Letter, Dkt.

---

[3] The Court may take judicial notice of data in a government report. *See Ross v. Am. Exp. Co.*, 35 F. Supp. 3d 407, 435 n.27 (S.D.N.Y. 2014).

[4] The facts identified above are representative of the few facts the United States intends to include in a short statement of undisputed material facts. Although the United States reserves the right to include additional facts in its statement, those facts will likewise be judicially noticeable and not subject to reasonable dispute.

No. 33 at 3.  Alternatively, the United States requests that the Court permit it to move for partial summary judgment on Counts I and V under the same schedule.

                                                Respectfully submitted,

                                                ADAM R.F. GUSTAFSON
                                                Acting Assistant Attorney General

                                                ROBERT N. STANDER
                                                Deputy Assistant Attorney General

                                                <u>/s/ *Riley W. Walters*</u>
                                                RILEY W. WALTERS
                                                JUSTIN D. HEMINGER
                                                JOHN K. ADAMS
                                                Attorneys
                                                United States Department of Justice
                                                Environment and Natural Resources Division
                                                950 Pennsylvania Ave., N.W.
                                                Washington, D.C. 20530
                                                (202) 514-4760
                                                riley.walters@usdoj.gov