

U.S. Department of Justice

Environment and Natural Resources Division

---

**Environment and Natural Resources Division**  *Telephone (202) 514-4760*
P.O. Box 7611   *Email: Riley.Walters@usdoj.gov*
**Washington, DC  20044**

VIA CM/ECF   June 11, 2025

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:   *United States, et al. v. State of New York, et al.,* No. 1:25-cv-03656 (PKC)

Dear Judge Castel:

     Plaintiffs the United States and the U.S. Environmental Protection Agency (collectively, the "United States") file this response to Defendants' July 11 Pre-Motion Letter (Dkt. 37) requesting over a week extension—on top of the extension they already received, Dkt. 34 at 1—to respond to the United States' July 2 (Dkt. 33) and July 10 (Dkt. 36) letters.  The Court should deny Defendants' latest effort to delay this case.  There is currently no conference scheduled before the Court.

     Defendants' claim that they need more time to respond blinks reality.  Dkt. 37 at 1.  This case presents pure questions of law controlled by a 2021 decision from the Second Circuit, which affirmed a ruling on the pleadings.  *See City of New York v. Chevron Corp.*, 993 F.3d 81, 85 (2d Cir. 2021) (holding that the City of New York could not use "state tort law to hold multinational oil companies liable for the damages caused by global greenhouse gas emissions"); *see* Dkt. 36 (explaining why the Court can promptly resolve this case without discovery).  Defendants were surely aware of *City of New York* when the State enacted its Climate Change Superfund Act, and they presumably considered how the Act is permissible under that decision.  What is more, the United States informed Defendants over a month ago that it intends to move for summary judgment—first in a June 2 email, then in a June 6 filing.  *See, e.g.*, Dkt. 26 at 4 ("The United States intends to move for summary judgment on all counts because this case presents purely legal issues controlled by binding precedent.").  And the Court has already provided Defendants a week-long extension to respond to the United States' July 2 Pre-Motion Letter.  Dkt. 34 at 1.  Defendants have thus had plenty of time to prepare for filing a *letter* that simply outlines their basic position.[1]

---

[1] Indeed, counsel for Defendants presumably already consulted "senior staff" before filing their Answer last month.  Dkt. 37 at 1; *see also* Dkt. 32 (Answer).

Moreover, Defendants' request for an extension until July 24 would disrupt the United States' proposed briefing schedule, which contemplates a July 18 date for filing its summary judgment motion, pending the Court's approval. The United States attempted to confer with Defendants on the proposed briefing schedule, but Defendants refused, stating that they oppose discussing further steps in the litigation until their transfer motion is resolved. The Court should not let Defendants upend a reasonable and fair briefing schedule over which they refused to negotiate.

*     *     *

The United States seeks to protect its sovereign interests against New York's brazen attempt to defy binding precedent. *See City of New York*, 993 F.3d 81. Because *City of New York* controls this case, the Court can promptly resolve it. And the United States has a substantial interest in the litigation proceeding without delay. New York is openly intruding on the federal government's constitutional and statutory authority, including its exclusive role in foreign affairs, in hopes of "setting a precedent for the nation to follow."[2] And more than that, the Superfund Act—together with Vermont's nearly identical statute, and potentially more from other states[3]—exacerbates the national energy emergency recently declared by the President. *See Declaring a National Energy Emergency*, Exec. Order 14156, § 1, 90 Fed. Reg. 8,433 (Jan. 20, 2025). Defendants' delay tactics thus prejudice the United States: New York is not only arrogating to itself federal authority to regulate interstate pollution and to address delicate issues of foreign policy, but it is also obstructing a national effort to combat the energy crisis—and now it is attempting to stall a merits ruling that would end its overreach and provide clarity for other states that are weighing similar laws.

The Court should deny Defendants' extension request.

Respectfully submitted,

/s/ *Riley W. Walters*
Riley W. Walters
Counsel to the Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-4760
riley.walters@usdoj.gov

---

[2] Press Release, *Governor Hochul Signs Landmark Legislation Creating New Climate Superfund* (Dec. 26, 2024), https://perma.cc/6KMN-H4UU.

[3] *See Polluters Pay: How States are Filling the Federal Climate Funding Gap in 2025*, NCEL (March 3, 2025), https://perma.cc/82CT-482U (last visited July 11, 2025) ("The 10 states moving superfund bills in 2025 mirror the models created by New York and Vermont to establish state-managed funds that will support climate adaptation projects and be financed by proportionate fees on fossil fuel producers.").