```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA and the
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

                        Plaintiffs,              25-cv-3656 (PKC)

            -against-                            OPINION AND ORDER

STATE OF NEW YORK, et al.,

                        Defendants.
-----------------------------------------------------------x
```

CASTEL, Senior District Judge

        The United States and the United States Environmental Protection Agency ("EPA") (collectively, the "United States") bring this action challenging the constitutionality of New York's Climate Change Superfund Act (the "New York Act"). The State of New York, Governor Kathleen Hochul, Attorney General Letitia James and Commissioner of the Department of Environmental Conservation Amanda Lefton (collectively, the "defendants") move to transfer this action to the Northern District of New York where a previously filed action brought by several states and private litigants is pending. West Virginia v. James, 25-cv-168 (N.D.N.Y) (BKS) (the "N.D.N.Y. Action"). For reasons that will be explained, the motion will be denied.

The Nature of the Action and its Procedural History

        This action was filed by the United States against the three defendants on May 1, 2025, challenging the New York Act. (ECF 1.) It principally asserts that New York's law is (a) preempted by the Clean Air Act, 42 U.S.C. § 7401 et seq., (b) an unconstitutional extraterritorial

regulation, (c) violative of the Commerce Clause, (d) violative of the Foreign Commerce Clause and (e) preempted by the foreign affairs doctrine. Declaratory and injunctive relief is sought.

There is also an action pending in this District brought by four non-governmental associations against New York's Attorney General and its then Interim Commissioner of Environmental Conservation raising several constitutional challenges to the New York Act, including those based upon the Clean Air Act and the Commerce Clause. Chamber of Commerce v. James, 25-cv-1738 (MKV) (S.D.N.Y.). A similar motion to transfer to the Northern District of New York has been made in the Chamber of Commerce action and remains pending.

It is the action filed in the Northern District of New York, however, that forms the principal basis for defendants' motion to transfer. As presently constituted, the action is brought on behalf of 22 states and four private associations or entities. (N.D.N.Y. Action, ECF 125.) The New York Attorney General, the Commissioner of the New York Department of Environmental Conservation and the Acting New York Tax Commissioner are named as defendants. The action was commenced on February 6, 2025, before either of the two actions filed in this District. (Id., ECF 1.)

Among the claims in the N.D.N.Y. Action is the assertion that the New York Act is preempted by the federal Clean Air Act and violates the Commerce Clause, claims it shares with this action. It also asserts that the New York Act is retroactive and therefore "fundamentally unfair" and violative of due process under the United States and New York Constitutions. Other claims include that the New York Act is violative of the Equal Protection, Excessive Fines and Taking Clauses of the United States Constitution and the Takings Clause of the New York Constitution. The N.D.N.Y Action also seeks declaratory and equitable relief.

<u>The Motion to Transfer</u>

Defendants argue that the action should be transferred to the Northern District of New York in the interest of justice and for convenience of parties and witnesses. 28 U.S.C. § 1404(a).

The standards for evaluating a motion to transfer of venue are well-established. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." <u>Id.</u> This sets out a "two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate." <u>Lihuan Wang v. Phoenix Satellite Television US, Inc.</u>, 13-cv-218 (PKC), 2014 WL 116220, at *2 (S.D.N.Y. Jan. 13, 2014) (quoting <u>AGCS Marine Insurance Co. v. Associated Gas & Oil Co., Ltd.</u>, 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011)) (internal quotation marks omitted). The burden is on the party moving to transfer to show by clear and convincing evidence that transfer is warranted. <u>See</u> <u>New York Marine and General Insurance Co. v. Lafarge North America, Inc.</u>, 599 F.3d 102, 113-14 (2d Cir. 2010). Nonetheless, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 106 (2d Cir. 2006).

There is no claim by the United States and no support in the record for a claim that there would have been a legal impediment based upon lack of personal jurisdiction, improper venue or otherwise in bringing the action in the Northern District of New York. The Court concludes that defendants satisfy this threshold requirement.

Defendants urge that this transfer motion is governed by the first-filed rule and argue that that the N.D.N.Y. Action is the first-filed action and that the present action before this Court should be transferred there. The first-filed rule generally dictates that "the first suit should have priority" in order to avoid "duplicative litigation" and honor "the plaintiff's choice of forum." Employers Insurance of Wausau v. Fox Entertainment Group, Inc., 522 F.3d 271, 275 (2d Cir. 2008) (quoting First City National Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989)). The first-filed rule "embodies considerations of judicial administration and conservation of resources." Id. But the rule "does not constitute an invariable mandate." Id.

The first-filed rule does not require that the two actions involve the identical parties. Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001). Nor does it require identical claims. Thomas v. Apple-Metro, Inc., 14-cv-4120 (VEC), 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015) (citing Oleg Cassini, Inc. v. Serta, Inc., 11 Civ. 8751 (PAE), 2012 WL 844284, at *3 (S.D.N.Y. March 13, 2012) ("[I]ssues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests")).

The United States is party to the action before this Court but not a party to the N.D.N.Y. action. The New York Attorney General and Commissioner of Environmental Conservation are parties to both actions. The New York Governor is a party to only the action in this Court. There are claims and issues unique to each action but the overlapping issues of federal preemption and preemption by reason of the Clean Air Act predominate.

Because of the substantial overlap of parties and issues and that the grant of declaratory and injunctive relief in one action may obviate the need for such relief in another action, the Court concludes that the presumption afforded a first filed action applies here.

But even when the first-filed rule squarely applies, it is "only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." Employers Insurance of Wausau, 522 F.3d at 275 (quoting Berisford Capital Corp. v. Central States, Southeast and Southwest Areas Pension Fund, 677 F. Supp. 220, 222 (S.D.N.Y. 1988)) (internal quotation marks omitted).

The Second Circuit has "recognized only two exceptions to the first-filed rule: (1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." Id. (citations omitted).

The United States argues against the application of the first-filed ruled because of perceived differences in the actions but, urges that if it does apply, the balance of convenience factors overcome the presumption.

Balance of Convenience

The balance of convenience exception provides a basis to depart from the first-filed rule in this case. As the Second Circuit has recognized, the "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." Employers Insurance of Wausau, 522 F.3d at 275 (quoting Everest Capital Ltd. v. Everest Funds Management, L.L.C., 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002)). "Because the factors to be considered by the Court are substantially identical, a single analysis of the factors will resolve both issues." AIG Financial Products Corp. v. Public Utility District No. 1 of Snohomish County, Washington, 675 F. Supp. 2d 354, 368 (S.D.N.Y. 2009). First, an essential requirement is that the putative transferee district be a district where the plaintiff in the second-filed action could have filed suit. Because this mandatory consideration is satisfied, the Court turns the other factors to be considered.

Among the many "factors to be considered in determining whether to grant a motion to transfer venue 'are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'"  New York Marine, 599 F.3d at 112 (quoting D.H. Blair, 462 F.3d at 106-07).  Courts also consider "the forum's familiarity with the governing law" and "trial efficiency and the interests of justice." Wang, 2014 WL 116220, at *2 (quoting Everlast World's Boxing Headquarters Corp. v. Ringside, Inc., 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013)).

"Ordinarily, the plaintiff's choice of forum is accorded relatively greater importance than the other factors."  Kreinberg v. Dow Chem. Co., 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); see Gross v. British Broadcasting Corp., 386 F.3d 224, 230 (2d Cir. 2004) (forum non conveniens analysis) ("substantial deference").  The exception to this rule is where "the operative facts have few meaningful connections to the plaintiff's chosen forum." Kreinberg, 496 F. Supp. 2d at 330.  The action brought by the United States has a substantial nexus to this District (as well as the Northern District) because it challenges a law of the state in which the district is located and state officers charged with enforcing that law.  The United States argues that its selection is based on the convenience of travel between Washington D.C. and Manhattan.  The Regional Headquarters of the plaintiff EPA is in Manhattan near to the Courthouse.

The convenience of witnesses is of marginal significance in the analysis. Whether the New York Act is facially unconstitutional is not likely to turn on the testimony of fact witnesses.  Expert witnesses retained by parties can easily travel between here and the

N.D.N.Y. The District and the N.D.N.Y. are contiguous and, indeed, were part of one unified district until 1814. The Albany and Schenectady courthouses are 155 miles and 248 miles, respectively, from the Manhattan Courthouse.

The locus of operative facts factor is also of limited significance. It is true that the state legislature that passed the New York Act sits in the Northern District of New York, but that circumstance is not expected to have significance in the course of the litigation.

Lastly, the location of relevant documents and relative ease of access to sources of proof, the relative means of the parties, and the forum's familiarity with the governing law are each neutral factors. No party has identified a material witness who can only be compelled to testify in the Northen District of New York but not this District. Any relevant documents are likely to be in electronic form and easily available in both districts. Judges in both districts are equally familiar with federal law and New York law. As the federal government and the New York state government, each has the economic resources to litigate in either forum.

Having evaluated the balance of convenience factors, the Court concludes that the motion to transfer should be denied. Where the balance of other factors does not tip decidedly in one direction, a plaintiff's selection of a forum is entitled to considerable deference. This is no less so where the plaintiff is a domestic sovereign purportedly invoking its sovereign rights. See D.H. Blair, 462 F.3d at 106 ("[N]otions of convenience and fairness are considered on a case-by-case basis."). The United States has selected this forum and on these facts its choice is entitled to great deference. A significant portion of the population of the largest city in the state is in this District and it is a hub for national and international commercial activity. There are 26 active judges and 18 senior district judges in the District ensuring that the initial random case assignment was made from a comparatively large pool of judges. There is no credible showing of an untoward

tactical advantage sought by the plaintiff from its choice of forum.  The United States cites that the EPA has its regional headquarters here, the United States Attorney's Office for this District has sizable back up resources here and Manhattan is easier to travel to by train or air from Washington D.C. than the situs of the N.D.N.Y. action.

While the risk of inconsistent adjudications is noted, its impact is muted by the circumstance that the three actions are all within the same Circuit.  Regardless of the outcome of the transfer motion, the ultimate outcome of this litigation, as well as the N.D.N.Y. Action, the <u>Chamber of Commerce</u> Action and this action ultimately will be decided by the Second Circuit or the Supreme Court.  Each of the three actions are in their early stages.  Each of the judges with actions addressed to the New York Act will have control of their own dockets and the manner and pace of the litigation.  A collateral benefit of the denial of transfer is that an appellate court may have the benefit of different judicial approaches and viewpoints.  The presumption under the first-filed rule has been overcome.

<u>The Summary Judgment Motion</u>

The United States has stated its desire to move for summary judgment.  The Court is invested with considerable authority to determine the "appropriateness and timing" of motions for summary adjudication under Rule 56, Fed. R. Civ. P.  <u>See</u> Rule 16(c)(2)(E), Fed. R. Civ. P.  Pursuant to that authority, the Court required letter briefing from the parties on the propriety of motion practice at this juncture and specifically whether there are likely to be relevant factual matters that are genuinely disputed.  Plaintiff has made a plausible showing that the motion may be decided on facts that are either indisputable or facts of which the Court may take judicial notice.  Whether that ultimately proves to be the case turns on merits briefing.  The Court will set a motion schedule.

- 9 -

CONCLUSION

        For the reasons explained above, defendant's motion to transfer (ECF 31) is DENIED.  Plaintiffs' proposed motion for summary judgment shall be filed by September 26, 2025.  Defendants' response is due October 27, 2025, and plaintiffs' reply is due November 19, 2025.  Page limits are enlarged to 40 pages for opening and answering briefs and 25 pages for the reply brief.  Because of the nature of the claims and defenses, the Court will dispense with the requirement of statements and counter statements pursuant to Local Civil Rule 56.1.

        SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated: New York, New York<br>
       August 4, 2025