

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environment and Natural Resources Division*  *Telephone (202) 514-4760*
*P.O. Box 7611*  *Email: Riley.Walters@usdoj.gov*
*Washington, DC  20044*

VIA CM/ECF   August 7, 2025

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Plaintiffs shall file their motion for summary judgment by August 29, defendants shall respond by October 27 and plaintiffs may reply by November 19.
> SO ORDERED.
> Dated:  8/8/2025
> *P. Kevin Castel*
> United States District Judge

Re:   Opposition to Defendants' Request for an Extension of Time,
      *United States, et al. v. State of New York, et al.*, No. 1:25-cv-03656 (PKC)

Dear Judge Castel:

   To quote Yogi Berra, "it's like déjà vu all over again."  Fresh off their effort to delay this case with unnecessary discovery, Defendants now seek to derail the briefing schedule that the Court just entered—which won't kick off until late September—by predetermining that they will need over eight weeks to respond to the United States' motion for summary judgment.  And contrary to Defendants' assertion, the Superfund Act is currently prejudicing the United States' sovereign interests by purporting to govern exclusively federal issues.  *See* ECF 49 at 2.  The Court should deny Defendants' request.

   The Court's briefing schedule is reasonable and gives Defendants a full and fair opportunity to defend the Act.  The statute has been under legal challenge since February, and the United States filed this suit more than three months ago.  Over the past month, moreover, the United States has previewed its merits arguments in multiple court filings.  *See* ECFs 33, 36, and 49.  Defendants have thus had ample time to start developing their arguments—and they will still have a full month to respond after the United States files its motion.

   What's more, the United States twice tried to negotiate a summary judgment briefing schedule with Defendants, and both times Defendants refused to even discuss the subject.  Defendants also could have put forward their own proposed schedule in response to the Court's order for letter briefing, but they neglected to do so.  Having deliberately refused to provide their input on the front end, it is entirely unreasonable for Defendants to now demand on the back end that the Court revise the briefing schedule by doubling their response time.

   Nor is there merit to Defendants' claim that an extension is needed because they may require expert testimony.  *See* ECF 54 at 1.  This case raises purely legal issues.  Indeed, the Court

found that the United States "has made a plausible showing that the motion may be decided on facts that are either indisputable or facts of which the Court may take judicial notice." ECF 50 at 8. At the very least, Defendants' concern about needing expert testimony is premature and should not serve as grounds for extending the briefing schedule before the United States even files its motion. After the United States moves for summary judgment, it expects that Defendants will recognize the futility of expert testimony.

Finally, to accommodate Defendants' purported concern about needing more time for internal review, the United States offered to move for summary judgment early—on September 15—if Defendants would agree to abide by the current schedule, which would have effectively extended their response deadline by two weeks. Defendants declined the offer.

In the alternative, if the Court decides to grant Defendants an extension of time, the United States respectfully requests that it do so by maintaining Defendants' October 27 deadline and ordering the United States to file its motion for summary judgment by August 29. That would give Defendants the "four additional weeks" they request "to prepare [a] response." ECF 54 at 1.

For all these reasons, the Court should deny Defendants' request for an extension of time.

Respectfully submitted,

/s/ *Riley W. Walters*
Riley W. Walters
Counsel to the Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-4760
riley.walters@usdoj.gov