

U.S. Department of Justice

Environment and Natural Resources Division

---

*Environment and Natural Resources Division*  *Telephone (202) 514-4760*
*P.O. Box 7611*  *Email: Riley.Walters@usdoj.gov*
*Washington, DC 20044*

VIA CM/ECF                                                                                          September 22, 2025

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  Opposition to Defendants' Request to Cross-Move for Summary Judgment,
            *United States, et al. v. State of New York, et al.*, No. 1:25-cv-03656 (PKC)

Dear Judge Castel:

    For the first time in this litigation—and a full three weeks into their time to oppose the United States' summary judgment motion—Defendants seek permission to cross-move for summary judgment. Defendants strategically timed this request so they could extend the briefing schedule by over two months, under pretense of avoiding a purported scheduling inconvenience of their own creation. The United States opposes Defendants' gamesmanship. And as the United States communicated to Defendants before they filed their letter motion, it opposes *both* the filing of their proposed cross-motion *and* their proposed schedule.

    **I.**    **The Court Should Deny Defendants' Request to Cross-Move for Summary Judgment.**

    Defendants have had many chances to propose cross-moving for summary judgment. The United States twice tried to negotiate a briefing schedule, and both times Defendants refused to even discuss the topic. Indeed, until now, Defendants have said this case turns on myriad factual disputes that preclude resolution without jurisdictional and merits discovery. *See* ECF 41 at 3 ("the State needs to conduct both jurisdictional and merits discovery to defend this action"); *id.* at 4 ("All of the United States' claims … rely on factual allegations as to which the State needs and is entitled to discovery."). Defendants made those representations to this Court despite having previously agreed to a pre-discovery summary judgment briefing schedule in the *West Virginia* action pending in the Northern District of New York. S*ee* ECF 49 at 1; *see also West Virginia v. James*, 1:25-cv-00168 (N.D.N.Y.), ECF 192 at 1 (Sept. 9, 2025) ("Defendants … agree not to object to proceeding to summary judgment on Counts I and II without discovery but intend to cross-move for summary judgment on the same claims …."), ECF 193 (Sept. 16, 2025) ("During the Rule 16 conference held on September 16, 2025, counsel for the parties agreed that the most

efficient way to address the matter is for the parties to initially file cross-motions for partial summary judgement on Counts I and II.").[1]

After taking a different tack here by opposing pre-discovery summary judgment briefing, Defendants made an alternative request "[i]n the event that the Court determines that it will establish a briefing schedule." ECF 41 at 7. But that request did not include filing a cross-motion. Rather, Defendants "request[ed]" only "an opportunity to propose a deadline for [their] *opposition*" to summary judgment. *Id.* (emphasis added).

In early August, after the Court set a summary judgment briefing schedule, Defendants could have responded by proposing a cross-motion. But once again, they did not. Instead, they requested a four-week extension of time to file their opposition, which the United States agreed to accommodate by moving for summary judgment four weeks early. It is only now—a full three weeks into their time to file that opposition—that Defendants propose cross-moving and adding over two months to the briefing schedule.

The timing of Defendants' request is no accident. They presented this proposal to the United States on September 17—the day after the court set a briefing schedule in the *West Virginia* action. *See West Virginia*, ECF 193 (Sept. 16, 2025). In doing so, Defendants informed the United States (and now tell the Court) that extending briefing until the end of January is necessary to stagger the schedule here with the schedule there. In other words, according to Defendants, briefing in this case, which the Court scheduled on August 4, must go on for two additional months to avoid overlap with a brand-new briefing schedule in another case—a schedule Defendants agreed to knowing full well what they planned to do here. *See West Virginia*, ECF 192 (joint case management plan) (Sept. 9, 2025).

Given the untimely and clearly tactical nature of Defendants' request, the Court should deny them permission to cross-move for summary judgment, at least until after it resolves the United States' motion. *See* Fed. R. Civ. P. 16(c)(2)(E) (courts may determine "the appropriateness and timing of summary adjudication under Rule 56").

II. **In the Alternative, the Court Should Reject Defendants' Attempt to Extend the Briefing Schedule by Over Two Months.**

Alternatively, if the Court permits the cross-motion, it should order Defendants to file that motion with their opposition on the current deadline of October 27, which is over *eight weeks* after the United States moved for summary judgment. Defendants fail to explain why they need another extension (they never acknowledge that this would be their second extension) for unidentified "additional argument." After all, their proposed cross-motion would be virtually identical to their opposition, and even if they wish to include new argument, they still have five weeks to do so.

---

[1] The *Chamber of Commerce* action was recently transferred to the Northern District as well.

Thus, if the Court allows the cross-motion, the United States proposes the following schedule:

- October 27 – Defendants' cross-motion and opposition due
- November 21 – United States' opposition and reply due
- December 22 – Defendants' reply due

Defendants object to this schedule because their cross-motion and opposition in the Northern District are due on December 19. But that filing would be substantially the same as the October 27 brief they would have already filed here. And again, Defendants agreed to a briefing schedule in the Northern District *long after* the Court set a briefing schedule in this case, and they purposefully waited to propose this cross-motion until *after* the court accepted their proposed schedule in the Northern District—in an attempt to force the schedule here into next year to achieve staggered briefing. Such tactics should not be rewarded, especially given that the New York Attorney General's Office has more than adequate resources (five attorneys have entered appearances in each case) to meet its briefing obligations in both cases.

Respectfully submitted,

/s/ *Riley W. Walters*
Riley W. Walters
Counsel to the Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-4760
riley.walters@usdoj.gov

3