UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

UNITED STATES OF AMERICA and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

                         *Plaintiffs*,

v.

STATE OF NEW YORK; KATHLEEN HOCHUL, in her official capacity as Governor of New York; LETITIA JAMES, in her official capacity as New York Attorney General; and AMANDA LEFTON, in her official capacity as Acting Commissioner of the New York Department of Environmental Conservation,

                         *Defendants*.

-------------------------------------------------------------------x

Case No.: 1:25-cv-03656 (PKC)

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF NEW YORK'S MOTION TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

                                                     MURIEL GOODE-TRUFANT
                                                     *Corporation Counsel*
                                                     *of the City of New York*
                                                     100 Church Street
                                                     New York, New York 10007
                                                     212-356-1000

ALICE R. BAKER
   *of Counsel*

November 3, 2025

The City of New York ("City") respectfully moves this Court for leave to file an amicus brief on behalf of itself in support of Defendants' opposition to Plaintiffs' Motion for Summary Judgment. (ECF No. 73). In support of the motion, the City asserts the following:

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (citing *United States v. Ahmed*, 788 F. Supp. 196, 198 (S.D.N.Y. 1992)). "Usually, an amicus brief should be allowed in . . . when the amicus has unique information or perspective that can help the court . . . ." *SEC v. Ripple Labs, Inc.*, 2021 U.S. Dist. LEXIS 190855, *14 (*citing Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)). Participation of amicus is especially welcome if the case "involve[s] matters of public interest." *Andersen v. Leavitt*, No. 03-CV-6115, 2007 U.S. Dist. LEXIS 59108, at *7 (E.D.N.Y. Aug. 13, 2007).

The City has a special interest in this case and is able to offer useful information addressing the broader public interests at stake. Climate change is already causing the City to suffer more extreme heat, flooding of low-lying areas, increased shoreline erosion, and higher threats of extreme weather events and catastrophic storm surge flooding. The City has and will continue to spend significant financial resources to adapt to climate change and build resilient infrastructure to protect the health and quality of life of New York City residents. Implementation of the New York Climate Change Superfund Act will provide support for the City to address the significant financial needs of responding to the impacts of climate change on its neighborhoods, infrastructure, and people.

Furthermore, the City has an interest in the ability of state and local governments, like itself, to implement laws, policies, and practices that mitigate emissions of greenhouse gases

and its effects, without regulating cross-border emissions in any manner that conflicts with the Federal Clean Air Act. That interest is only heightened here, where Plaintiffs' argument that the Clean Air Act preempts the New York Climate Change Superfund Act largely relies on a case that the City brought and lost.

The City's proposed amicus brief will be useful to the Court. The City explains that Plaintiffs' reliance on the Second Circuit's decision in *City of New York v. Chevron*, 993 F.3d 81 (2d Cir. 2021), for that preemption argument is misplaced. As the City was the plaintiff in that case, it is uniquely able to address how the circumstances and reasoning underlying that decision are starkly different from those presented by the matter currently before this Court, rendering that decision of little relevance to the appropriate outcome here.

## **CONCLUSION**

For the foregoing reasons, the motion for leave to file the proposed amicus brief should be granted.

Dated: November 3, 2025

Respectfully submitted,

MURIEL GOODE-TRUFANT
*Corporation Counsel*
*of the City of New York*
100 Church Street
New York, New York 10007

By:   */s/ Alice R. Baker*
ALICE R. BAKER
*Senior Counsel*
albaker@law.nyc.gov
(212) 356-2314

## **CERTIFICATE OF COMPLIANCE**

    I certify that the foregoing memorandum of law complies with the Court's formatting rules and that the portions of the memorandum that must be included in a word count contain approximately 481 words. I relied on the word count of the Microsoft Word program used to prepare this memorandum.


Dated: November 3, 2025            By:    _/s/ Alice R. Baker_
                                                                         Alice R. Baker