

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

DIVISION OF SOCIAL JUSTICE
Environmental Protection Bureau

<u>Via CM/ECF</u>                                                                                    May 5, 2026
The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States of America v. State of New York,* No. 1:25-cv-03656

Dear Judge Castel:

Defendants in this action (together, "the State") write to provide notice of a recent Supreme Court decision that is relevant to the pending motion for summary judgment. There is currently no conference scheduled in this case.

The United States claims that the Climate Act is generally precluded by the Constitution. Complaint, ECF 1, Count II; Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, ECF 74 (US Br.) at 21-22. The State has responded that this claim fails because there is no valid stand-alone prohibition on extraterritorial regulation, nor does the structure of the constitution prohibit the Act. State's Opposition to the United States' Motion for Summary Judgment, ECF 84 (State Opp.) at 36-38.

On April 22, 2026, the Supreme Court issued *Hencely v. Fluor Corp.*, 146 S.Ct. 1086, 1097 (2026), where a military contractor argued that state-law tort claims against it were preempted because "the Constitution's structure implicitly preempts any suit against a military contractor operating in a combat zone."[1] The Supreme Court rejected that contention, explaining "[t]here is no federal pre-emption *in vacuo*, without a constitutional text or a federal statute to assert it." *Id.* at 1093 (quoting *Puerto Rico Dept. of Consumer Affairs v. Isla Petroleum Corp.*, 485 U.S. 495, 503 (1988)).

---

[1] The United States appeared as amicus and argued that the "[Supreme] Court has long held that the Constitution's structure impliedly preempts inconsistent state law." Brief of the United States as Amicus Curiae Supporting Respondents at 10, 146 S.Ct. 1086 (2026) (No. 24–924).

THE CAPITOL, ALBANY, N.Y. 12224-0341 ● PHONE (518) 776-2400 ● FAX (518) 650-9363 ● WWW.AG.NY.GOV
Writer's Direct Phone: (518) 776-2394 ● E-mail Address: ayah.badran@ag.ny.gov

The Court recognized, citing *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988), that "a few areas, involving 'uniquely federal interests,' are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by federal law fashioned by federal courts in the absence of congressional action[.]" 146 S.Ct. at 1095 (cleaned up). However, it emphasized that "areas of uniquely federal interest," are "rare." *Id.* The Court further clarified that "the identification of a uniquely federal interest does not, however, end the inquiry," but "[i]nstead, this Court's precedents require a significant conflict between an identifiable federal policy or interest and the operation of state law." *Id.* at 1094-95 (cleaned up). Finally, the Court noted that "assertions by a party of an indirect burden on federal activities" are an insufficient basis for preemption. *Id.* at 1098-99 (citations omitted).

As in *Hencely*, the United States' arguments that the structure of the Constitution precludes the Climate Act, US Br. 21-22, "ha[ve] no basis in the text of the Constitution" or relevant precedent. *See* 146 S.Ct. at 1099. And to the extent that the United States argues that the Climate Act is precluded by the structure of the Constitution because the regulation of interstate air emissions is a uniquely federal interest, *see* Plaintiff's Reply in Support of Motion for Summary Judgment, ECF 99 at 18-20, it has failed to identify a "significant conflict" between that purported federal interest and the Climate Act. *See* 146 S.Ct. at 1094-95; *see also* State Opp. 25, 37-38. Finally, the United States cannot rely on allegations of "indirect burdens on federal activities" to support its preemption claims. *See* 146 S.Ct. at 1098-99; *see, e.g.,* US Br. 11 (alleging that the Climate Act "is in service of a destructive scheme that imperils our Nation's energy needs and deepens the national energy crisis"); *id.* at 26 (alleging that if the Climate Act is upheld, "the ensuing balkanization … would destroy the national market for energy and nullify Congress's power over interstate commerce, all while bankrupting the Nation's largest energy producers"); *id.* at 28 (alleging that the Climate Act will "exacerbate the national energy emergency by imposing crushing penalties on global energy production").

Respectfully,

By:  */s/ Ayah F. Badran*
      Ayah F. Badran
      Assistant Attorney General
      Office of the New York State Attorney General
      Environmental Protection Bureau
      The Capitol
      Albany, NY 12224
      (518) 776-2394
      Ayah.badran@ag.ny.gov

2