

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environment and Natural Resources Division*
*P.O. Box 7611*
*Washington, DC  20044*

*Telephone (202) 514-4760*
*Email: Riley.Walters@usdoj.gov*

<u>VIA CM/ECF</u>                                                                May 5, 2026

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Response to Defendants' Third Notice of Supplemental Authority
     *United States, et al. v. State of New York, et al.*, No. 1:25-cv-03656 (PKC)

Dear Judge Castel:

  New York's latest notice of supplemental authority—its third in as many months—is irrelevant to this case and blind to binding precedent.  The question presented in *Hencely v. Fluor Corporation* was whether, under Supreme Court precedent and the structure of our Constitution, "a state-law suit premised on a military contractor's activities in a war zone is preempted even when the contractor was not required or authorized to take the action at issue."  146 S. Ct. 1086, 1093 (2026).  In answering no, the Supreme Court applied the same test the Second Circuit used to reach a different conclusion as to state-imposed damages for interstate air pollution in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021).

  In *Hencely*, the Supreme Court recognized that "a few areas" involve "uniquely federal interests" and "are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced … by federal law" when there is a "significant conflict" between state law and the federal interest—a rule that flows from the Constitution's structure rather than specific constitutional text.[1]  146 S. Ct. at 1093-94 (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504, 507 (1988)) (cleaned up).  Applying this rule, *see City of New York*, 993 F.3d at 89-90 (citing *Boyle*, 487 U.S. at 507), the Second Circuit held that interstate pollution is such an area and that there *is such a conflict* when a state seeks damages under its own law for emissions originating beyond its borders, *id.* at 90-92.  This is why federal law has always applied to "disputes involving interstate air or water pollution."  *Id.* at 91; *see also, e.g.*, *Illinois v. City of Milwaukee*, 406 U.S. 91, 103, 105 n.6 (1972) (recognizing uniquely federal interests); *City of*

---

[1] Although *Hencely* explained that this rule "will rarely apply when litigation is purely between private parties and does not touch the rights and duties of the United States," neither of those conditions is present here.  146 S. Ct. at 1094 (cleaned up).

*Milwaukee v. Illinois and Michigan*, 451 U.S. 304, 313 & n.7 (1981) (applying same rule); *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 487-88 (1987) (observing that interstate pollution "is a matter of federal, not state, law"); *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 420-21 (2011) (explaining that the "basic scheme of the Constitution" requires federal law to govern interstate pollution).[2]

Much like its broader defense of the Climate Change Superfund Act, New York's notice reads as if *City of New York*—and the line of Supreme Court cases it relied on—did not exist. *Hencely*, which again concerned a subject entirely different from interstate pollution, did not cast any doubt on this longstanding precedent, much less implicitly overrule it.

Respectfully submitted,

/s/ *Riley W. Walters*
Riley W. Walters
*Counsel*
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-4760
riley.walters@usdoj.gov

---

[2] *Hencely* makes clear that this rule flows from the Constitution itself, as the United States has argued (MSJ at 22, ECF 74, and Reply at 19-20, ECF 99) and New York has disputed (Opp. at 37, ECF 84).