**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

DIVISION OF SOCIAL JUSTICE
Environmental Protection Bureau

Via CM/ECF

August 27, 2026

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States of America v. State of New York,* No. 1:25-cv-03656

Dear Judge Castel:

Defendants (together, the State) would like to respond to the August 26 letter filed by plaintiffs (together, the United States), ECF 114. The United States correctly represents that the State stated at the oral argument in W*est Virginia v. James*, No. 1:25-cv-168 (N.D.N.Y.)[1], that New York's Climate Change Superfund Act would be unconstitutional and no further preemption analysis would be necessary if the Climate Act is not distinguishable from the common-law public nuisance claim at issue in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021). ECF No. 114, Ex. A, Tr. at 7:3-14.[2] The United States overlooks, however, that the State explained that the Climate Act is distinguishable because, unlike public nuisance law, it does not set a standard for the emission of greenhouse gases.

*City of New York* ruled that, because New York City's state-law public nuisance claim would "regulate cross-border emissions," it was preempted by federal common law, 993 F.3d at 93, which had been displaced by the Clean Air Act, *id.* at 98, and thus could proceed only if it was authorized by the Clean Air Act, which it was not, *id.* at 100. As the State explained at the oral argument in *West Virginia*, the state-law public nuisance claim in *City of New York* is distinguishable from the Climate Act because, like the Clean Air Act, the public nuisance claim at issue there imposed

[1] That case has been consolidated with *Chamber of Commerce of the United States of America v. James*, No. 25-cv-1307.

[2] The issue of whether state common law claims are preempted by federal law is currently before the Supreme Court in *Suncor Energy (U.S.A.), Inc. v. Comm'rs of Boulder Cnty.*, No. 25-170 (S. Ct.).

THE CAPITOL, ALBANY, N.Y. 12224-0341 ● PHONE (518) 776-2400 ● FAX (518) 650-9363 ● WWW.AG.NY.GOV

a standard for the emission of air pollutants, while the Climate Act does not. Tr. at 7:15-19:6, 19:12-21:19, 23:6-24:17.

The State explained that the Climate Act was modeled on the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*, which makes parties that were responsible for the disposal of hazardous waste liable for the government's cleanup costs without any finding of wrongdoing or illegal activity. Tr. at 10:21-12:3. As the Second Circuit explained in *New York v. Shore Realty Corp.*, 759 F.2d 1032, 1041, CERCLA "*is not a regulatory standard setting statute[] such a[s] the Clean Air Act*." Tr. at 11:17-22 (emphasis added). Like CERCLA, the Climate Act's imposition of liability on fossil fuel producers does not reflect any finding of wrongdoing and does not set regulatory standards. *Id.* at 11:10-12:3.

In contrast, as the State explained, a public nuisance claim regarding air pollution requires a court to establish a standard for the emission of pollutants. *Id.* at 15:21-16:5. Public nuisance law does so because a public nuisance is "an unreasonable interference with [a] right common to the public" and thus requires a standard of reasonableness with which "the defendants and other similarly situated parties must comply going forward" or "face the possibility of liability through an injunction or damages." *Id.* at 15:8-19. Indeed, the Supreme Court explained in *American Electric Power Co. v. Connecticut*, that a public nuisance claim regarding greenhouse gas emissions was displaced by the Clean Air Act because that claim "ask[ed] federal judges to determine what amount of carbon dioxide emissions were unreasonable" Tr. 16:1-3 (citing 564 U.S. 410, 428 (2011)).

Thus, the public nuisance claim at issue in *City of New York* is distinguishable from the Climate Act because that claim sets a standard for emissions that governs future conduct but, like CERCLA, the Climate Act does not do so.

Respectfully,

By: */s/ Ayah F. Badran*

Ayah F. Badran
Assistant Attorney General
Office of the New York State Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2394
Email: ayah.badran@ag.ny.gov